IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERYL WINBERRY                                                                                      PLAINTIFF

v.                          Civil No. 12-2049

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sheryl Winberry, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her applications for DIB and SSI on March 5, 2008, alleging an onset date January 1, 2006, due to depression, thyroid problems, a pinched nerve in the right shoulder, carpal tunnel syndrome of the right wrist, migraine headaches, dyslexia, black outs, confusion, dizziness, and degenerative disk disease ("DDD") resulting in back pain. Tr. 146-155, 174, 183-184, 213-214, 237. The Commissioner denied Plaintiff's application initially and on reconsideration. An administrative hearing was held on September 16, 2009, resulting in an unfavorable decision. Tr. 17-52, 60-71, 614-649. Said decision was appealed to this court, resulting in a judgment remanding the case back to the agency. Tr. 595-607. A supplemental hearing was then held on December 1, 2011. Tr. 569-591. Plaintiff was present and represented by counsel.

At the time of the supplemental hearing, Plaintiff was 37 years old and possessed a high school education. Tr. 175. Plaintiff had past relevant work ("PRW") experience as a daycare worker, flower shop delivery driver, and home health aid. Tr. 180, 193-200.

On December 28, 2011, the ALJ found Plaintiff's fibromyalgia, personality disorder, cognitive disorder, depression, anxiety, DDD, right shoulder pain, knee pain, and ADHD were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 551-555. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. Tr. 555-561. The ALJ then found Plaintiff could perform work as a machine tenderer, assembler, and surveillance system monitor. Tr. 562.

Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 12.

The court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' appeal briefs and the ALJ's decision and are repeated here only to the extent necessary.

**II.**     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's failure to follow the directives contained in our previous remand order. Plaintiff has been diagnosed with personality disorder, which the ALJ concluded is severe. Tr. 254-260, 386-403, 421-427. In our previous order, the ALJ was directed to recontact Plaintiff's treating psychiatrist and counselor to obtain more information concerning the symptoms of her personality disorder. He failed to do so. As such, the record remains underdeveloped with regard to Plaintiff's personality disorder. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (ALJ owes duty to develop record fully and fairly to ensure decision is an informed decision based on sufficient facts).

While we do note that the ALJ identifies several behaviors to justify his dismissal of Plaintiff's subjective complaints, he fails to acknowledge that these behaviors may also be symptoms of her personality disorder which could not be held against her. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-R ("DSM IV-TR") 685 (2000 4th ed.) ("A personality Disorder is an enduring pattern of inner experience and behavior that deviates markedly from the expectations of a individual's culture, is pervasive and inflexible, has an onset in adolescence or early adulthood, is stable over time, and leads to distress or impairment."). As noted in our previous opinion, personality disorder not otherwise specified is a disorder that does not meet all of the criteria for one specific personality disorder, rather includes symptoms from two or more of the personality disorders. DSM at 729. Symptoms can include a pervasive pattern of excessive emotionality, attention seeking behavior, and the need for others to assume responsibility for most of the major areas of in one's life. *Id*. at 706, 725. Because the ALJ failed to recontact Plaintiff's treating psychiatrist and counselor, the record does not make clear whether Plaintiff's resistance to treatment, desire to have others fix her problems, and possible exaggeration of symptoms, are symptoms of her personality disorder or are

unrelated behaviors that may properly be used to discredit her subjective complaints.[1]  *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001) (proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision).  Accordingly, we can not say the ALJ had sufficient evidence upon which to base his decision, and remand is again necessary.

On remand, the ALJ *will* recontact Plaintiff's treating psychiatrist and counselor and ask them to assess Plaintiff's mental functioning and to determine whether her alleged treatment resistance, desire to have others fix her problems, and exaggeration of her symptoms are symptoms of her personality disorder or behaviors that have no connection to her illness.  Only then will it be possible to accurately determine Plaintiff's RFC.

V.  **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] We find this to be of particular concern, given that, in 2009, he treating counselor opined that Plaintiff had marked limitations with regard to completing a normal workday and workweek without interruption from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, traveling in unfamiliar places or using public transportation, and setting realistic goals or making plans independently of others.  Tr. 513-515.

AO72A
(Rev. 8/82)